ALEJANDRO FERNÁNDEZ ET AL., demandantes y apelantes, v.. DR. HONORIO F. CARRASQUILLO, demandado y apelado.

Núm. 8700.—*Sometido:* Mayo 18, 1943. *Resuelto:* Julio 28, 1943.

Luis Mercader, abogado de los apelantes; *M. B. Carrasquillo* y *G.. Rivera Cestero,* abogados del apelado.

EL JUEZ ASOCIADO SEÑOR SNYDER emitió la opinión del tribunal.

El presente es un recurso de apelación contra una sentencia dictada al declararse con lugar una excepción previa interpuesta contra una demanda de inexistencia de ejecutivo sumario y daños y perjuicios provenientes del mismo.

La hipoteca en cuestión se otorgó en 1925 para garantizar un préstamo de los demandantes apelantes. De acuerdo con la demanda en este caso, la escritura de hipoteca disponía que el préstamo se pagaría "en plazo de dos años, con opción de prorrogar a los deudores por dos años más, devengando interés del 1 por ciento mensual, pagadero por el aludido término y mora hasta su efectivo pago; y para pagar los dichos deudores toda clase de gastos de hipoteca, inscripción y cancelación, toda clase de contribución que pueda imponerse el capital prestado o a sus intereses . . .". La demanda alegaba también que la escritura de hipoteca disponía que la finca hipotecada respondería "en perjuicio de tercero de los $2,000 de capital, $200 de intereses y $200 para costas, gastos y honorarios de abogado en caso de litigio".

No habiéndose pagado el referido préstamo, en 12 de junio de 1931 el acreedor hipotecario instituyó ejecutivo hipotecario por la vía sumaria, de conformidad con la demanda en este caso para el pago de "los $2,000 del capital; $152 de intereses que dejó devengados desde 11 octubre de 1930; . . . más todos los que se devenguen hasta el total pago de la deuda, y también $200 de costas y honorarios de abogado". Las diversas etapas que culminaron en la venta en pública subasta de la finca de conformidad con el procedimiento ejecutivo tuvieron lugar en 1931. Los apelantes alegan que su demanda aducía una causa de acción, toda vez que el procedimiento sumario ilegalmente solicitaba la partida de $152 para intereses y la de $200 para cubrir costas y honorarios de abogado.

■ Es difícil comprender el argumento del abogado de los apelantes sobre este punto. El abogado lo expone de esta manera:

"De modo que si la escritura se hizo por dos años (a vencer en 1927) y se convino allí que los deudores tendrían dos años de prórroga (hasta 1929) y sólo se garantizó en la hipoteca el interés del plazo de dos años y los de mora pero no los de la prórroga, es evidente que el demandado al cobrar los $152 de intereses y los que se devenguen hasta el completo pago, lo hacía en el ejecutivo incluyendo los años de la prórroga que nunca estuvieron garantizados expresamente."

Pero, toda vez que la hipoteca fué otorgada originalmente en 1925 por un plazo de dos años, la prórroga de dos años expiró en 1929. En su consecuencia la cuestión de si la hipoteca garantizaba o no los intereses desde 1927 a 1929 es académica. Esto se hace claramente evidente de la alegación de que se reclamaron los intereses desde el 11 de octubre de 1930. Y de cualquier modo, la cuestión es una enteramente frívola, toda vez que estamos satisfechos, de las alegaciones contenidas en la propia demanda de los apelantes, de que la hipoteca garantizó los intereses devengados durante toda la existencia del contrato y cualquier mora hasta que se efectuara el pago total de la deuda. Los párrafos de la demanda que se citan más arriba demuestran del mismo modo que la hipoteca cubría honorarios de abogado en una suma convenida en caso de reclamación judicial.

■ Los apelantes también alegan que el ejecutivo hipotecario sumario era nulo al dejar de cumplirse con las disposiciones de la Ley núm. 81, Leyes de Puerto Rico, 1936, para que se efectuara el previo justiprecio antes de celebrarse la subasta. Los hechos en este caso son idénticos a los del caso de *Sucn. Molina* v. *Soc. Protectora de Niños*, 61 D.P.R. 830, 37, en el cual resolvimos, bajo las circunstancias de este caso, en contra de la contención de los apelantes.

■ No nos es posible comprender de qué manera pueden quejarse los apelantes de la actuación de la corte inferior al dictar sentencia después de declarar con lugar la excepción

previa interpuesta contra la demanda, sin darle a los apelantes, según alegan, una oportunidad de enmendar su demanda. La corte inferior actuó de esta manera por súplica de los propios apelantes. Después de dictarse la orden declarando con lugar la excepción previa, los apelantes, en vez de solicitar permiso para enmendar, pidieron a la corte de distrito que dictara sentencia sobre la resolución, presumiblemente con el fin de encontrar remedio en apelación.

*La sentencia de la corte de distrito será confirmada.*

Los Jueces Presidente Sr. Del Toro y Asociado Sr. Travieso no intervinieron.